IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-97-RPM-CBS

MARGARET P. BURGER,

Plaintiff,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,

Defendant.

### PROTECTIVE ORDER REGARDING STUDENT DISCIPLINARY RECORDS

**THE COURT**, having received and reviewed Plaintiff's Motion to Compel Student Disciplinary

Records, hereby Orders the following:

1.      In this action, Plaintiff sought the disciplinary records of a student[1] of Cherry Creek

School District No. 5 (who is not a party to this action).  Student disciplinary records qualify as

educational records which are protected from disclosure under FERPA.  *United States. v. Miami*

*Univ.*, 294 F.3d 797, 812 (6th Cir. 2002).  As such, these student disciplinary records are Confidential

Information as defined by the Protective Order entered by the Court on September 2, 2005 [Dkt. #

18], which is incorporated hereby by reference.

2.      Pursuant to the provisions of 20 U.S.C. § 1231(g), these student disciplinary records

may only be disclosed by the District if parental permission is obtained, or in the alternative, if a

judicial order is entered <u>and</u> the parents of the student are notified of the disclosure of these student

disciplinary records pursuant to the judicial order.

---

[1] The student's name is withheld to protect her privacy and confidentiality pursuant to the requirements of
C.R.S. § 22-1-123 and 20 U.S.C. § 1232(g) ("FERPA").

3.      Moreover, prior to ordering the production of the student disciplinary records, the Court should make findings that the student disciplinary records are reasonably calculated to lead to the discoverability of admissible evidence and that the party seeking disclosure has demonstrated a genuine need for the student disciplinary records that outweighs the student's privacy interests. *Rios v. Read*, 73 F.R.D. 589, 598-99.

4.      In this case, after considering Plaintiff's Motion to Compel Production of Documents [Dkt. # 23] at a hearing on October 28, 2005, this Court found that the student disciplinary records sought by Plaintiff were reasonably calculated to lead to the discoverability of admissible evidence and that the requested student disciplinary records should be produced by the District under Protective Order.  This Court further finds that Plaintiff has demonstrated a genuine need for the disciplinary records which outweighs the student's privacy interests under *Rio*s.

5.      Accordingly, the District will produce the requested student disciplinary records to Plaintiff under Protective Order after the student's parents are properly notified pursuant to 20 U.S.C. § 1231(g).  The parents will be notified within seven (7) days after this Order is entered and the student disciplinary records produced to Plaintiff five (5) days thereafter.

**SO ORDERED** this 8th day of November, 2005.

BY THE COURT:
s/Richard P. Matsch


Richard P. Matsch
United States District Court Judge