IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.   03-cv-02307-RPM

STANLEY C. MOWRY,

        Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

        Defendant.

_____

MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT
_____

      The plaintiff's claim in this case is that in summarily discharging him from his employment as a driver for United Parcel Service, Inc., ("UPS"), his supervisor, Gregg Ford committed the tort of wrongful discharge in violation of public policy as recognized in the common law of Colorado.  That claim for relief was created by the Colorado Supreme Court in *Martin Marietta Corp. v.* Lorenz, 823 P.2d 100 (Colo. 1992):

> ...Applying the public-policy exception to these situations is entirely consistent with its underlying rationale, which is to prohibit an employer from placing an employee in the position of keeping a job only by performing an illegal act, foresaking a public duty, or foregoing a job-related right or privilege.  An at-will employee, therefore, will establish a *prima facie* case for wrongful discharge under the public-policy exception if the employee presents evidence on the following elements: that the employer directed the employee to perform an illegal act as part of the employee's work related duties or prohibited the employee from performing a public duty or exercising an important job-related right or privilege; that the action directed by the employer would violate a specific statute relating to the public health, safety, or welfare, or would undermine a clearly expressed public policy relating to the employee's basic responsibility as a citizen or the employee's right or privilege as a worker; and that the employee was terminated as the result of refusing to

perform the act directed by the employer. To these elements we add the additional requirement that the employee present evidence showing that the employer was aware, or reasonably should have been aware, that the employee's refusal to comply with the employer's order or directive was based on the employee's reasonable belief that the action ordered by the employer was illegal, contrary to clearly expressed statutory policy relating to the employee's duty as a citizen, or violative of the employee's legal right or privilege as a worker.

*Id.* at 109.

The elements of a claim for relief under this principle are summarized in the opinion deciding *Rocky Mount. Hosp. & Med. Serv. v. Mariani,* 916 P.2d 519, 527 (Colo. 1996) as follows:

...The elements of a wrongful discharge claim under *Lorenz* can be summarized as follows: (1) the employer directed the employee to perform an illegal act as part of the employee's duties; (2) the action directed by the employer would violate a statute or clearly expressed public policy; (3) the employee was terminated as a result of refusing to perform the illegal act; and (4) the employer was aware or should have been aware that the employee's refusal was based upon the employee's reasonable belief that the act was illegal.

The question presented by the defendant's motion for summary judgment, filed on August 24, 2006, is whether after full discovery in this case, Mowry has shown sufficient evidence to support a jury finding on all of these elements. The answer is there is no showing that in making the decision to fire Mowry, Ford was aware of the road conditions that Mowry claims were the cause of his stopping at the Wagon Hound Rest Stop from 2:15 a.m. to 6:00 a.m. on Saturday, April 27, 2002. Mowry contends that he was complying with the federal and Colorado regulatory requirement that if hazardous road conditions caused by snow, ice, sleet, fog, etc., become sufficiently dangerous the operation of a commercial vehicle must be discontinued and not

resumed until the vehicle can be safely operated. 49 C.F.R. § 392.14, 4 C.C.R. §1023-15. The plaintiff also cites the provision of the Surface Transportation Assistance Act, that commercial carrier drivers may cease driving when they have a reasonable apprehension of danger to themselves or to the public because of unsafe driving conditions. 49 U.S.C. § 31105.

There is a factual dispute concerning the road conditions on the highway when Mowry pulled off and stopped until the time he resumed his travel. On that issue, the plaintiff moved to strike the affidavit of Joe E. McGuire, the son of the deceased attendant at the rest stop concerning road conditions on April 27. While some of the contents of the affidavit are inadmissible, the Court has accepted it for purposes of determining the motion for summary judgment, applying the Rule 56 standards of indulging the plaintiff's efforts to create a triable case. Accordingly, the Court accepts Mowry's description of the road conditions and his decision that the driving conditions were too dangerous for continued operation.

What is lacking in the plaintiff's case is any evidence that Ford knew of those conditions and the plaintiff's reaction to them on Monday morning, April 29, 2002, when he fired Mowry for dishonesty. That discharge was the subject of a union grievance under the Collective Bargaining Agreement governing Mowry's employment and it was affirmed in the grievance process as being consistent with the just cause required under the contract.

UPS has filed an addiitonal motion to dismiss and motion for summary judgment, claiming that the wrongful discharge claim is unavailable to the plaintiff under Colorado

3

law because it is limited to an at-will employee and Mowry had the benefit of the Collective Bargaining Agreement.  That is an arguable position but it is rejected because the Tenth Circuit Court of Appeals impliedly rejected it in the opinion deciding the previous appeal in this case.  *Mowry v. United Parcel Serv.,* 415 F.3rd 1149 (10th Cir. 2005).

The plaintiff has correctly observed that the subjective knowledge of the supervisor, that is his actual awareness of the employee's assertion that his conduct was necessary to conform to establish public policy, is not determinative.  The Colorado Supreme Court has recognized that liability may be shown if the employer reasonably should have been aware of that fact.  That may be considered an objective standard of a reasonable supervisor under the same or similar circumstances.

The salient facts surrounding this issue are that Mowry arrived at the Commerce City, Colorado, UPS facility at about 9:00 a.m. on April 27, 2002, when there were no supervisors present. He went home and returned for duty on Monday, April 29, 2002, and it was at that time that Ford terminated Mowry's employment for dishonesty in recording his work time, the basis for his compensation.  Ford had checked the record of the trip which included the speeds of the truck; he had also received a report from two supervisors who had followed Mowry on this trip as they had on two previous occasions because of suspicion of the same type of dishonesty and because the plaintiff had a disciplinary record.  When Ford confronted Mowry and informed the plaintiff of his termination, Mowry did not offer his excuse and has said in his deposition that he did not have an opportunity to do so.

Giving all of the possible inferences to the plaintiff, there is no evidence to support a finding that at the time of his decision to terminate Mowry's employment Ford knew or should have known that the road conditions Mowry was experiencing were such that he was required to stop and wait for almost three hours before continuing his trip.  Thus, there is no evidentiary support for a finding that UPS compelled Mowry to violate any regulation constituting public policy or that Ford was in any way retaliating against Mowry for his conformance with such public policy.  It is therefore

ORDERED that the defendant's motion for summary judgment is granted and the Clerk will enter judgment for the defendant dismissing this civil action and awarding the defendant its costs.  The other motions filed by the defendant in this action after remand are denied and the plaintiff's motion to strike the defendant's supplemental disclosure (Doc. #68) is moot.

DATED:  March 5, 2007.

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge